IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TRACY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3061 |
| | ) | |
| v. | ) | |
| | ) | |
| VILLAGE OF LOOMIS, NEBRASKA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

The plaintiff has moved to strike the defendant's jury demand as untimely filed. (Filing No. 19). The defendant argues the demand was timely. The defendant is incorrect.

The defendant's answer, filed on May 20, 2009, did not include a jury demand. (Filing No. 13). The defendant filed a separate demand for jury trial on June 5, 2009. (Filing No. 14). No pleadings were filed by either party between May 20 and June 5, 2009.

Pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure, "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand—which may be included in a pleading—no later than 10 days after the last pleading directed to the issue is served. . . ." Fed. R. Civ. P. 38(b)(1). Rule 6 of the Federal Rules of Civil Procedure explains how days are computed when applying the federal rules. If a deadline or time period set by the rules is less than eleven days, then Saturdays, Sundays and legal holidays are not counted. Fed. R. Civ. P. 6(a)(2). Memorial day is defined as a "legal holiday." Fed. R. Civ. P. 6(a)(4)(A). If a time period would otherwise end on a Saturday, Sunday, or legal holiday, the time period is deemed to extend to the next day when the clerk's

office is open and accessible. Fed. R. Civ. P. 6(a)(3). When a party is required to act within a specified time after service on a party or a party's attorney by a method other than personal service, including service through the court's electronic filing system, three days are added after the period would otherwise expire. Fed. R. Civ. P. 5(b)(1) & 6(b) .

The defendant's answer was filed on May 20, 2009. Excluding Saturdays, Sundays, and the Memorial Day legal holiday, the ten-day period afforded under Rule 38(b)(1) ended on June 4, 2009. The defendant's answer was served "on" the plaintiff, (Fed. R. Civ. P. 5(b)(1)), not the defendant, and therefore only the plaintiff is afforded the three-day extension granted under Rule 6(d). The three-day extension afforded for service does not apply to actions taken by a party after the service of a notice or other paper by that party on another party. Lewis v. School Dist. #70, 523 F.3d 730, 739 (7th Cir. 2008); Kabacinski v. Bostrom Seating, Inc., 2003 WL 21250651, 2 (E.D.Pa. 2003). The defendant is afforded ten days, but not three additional "service" days, after filing its own answer to file its jury demand. Priest v. Rhodes, 56 F.R.D. 478, 479 (N.D. Miss. 1972) (holding the defendant was not afforded the three-day extension for service in which to file a jury demand following the filing of its answer).

The defendant's jury demand was due on June 4, 2009. It was untimely filed on June 5, 2009. The plaintiff's motion strike the defendant's jury demand as untimely, (filing no. 19), will be granted.

The court may, in its discretion, grant a motion for jury trial even the absence of a timely demand. Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985); Fed. R. Civ. P. 39(b). The defendant has not filed such a motion, and is hereby advised to review and consider the following opinions before filing any motion for jury trial: Ojeda v. City of Scottsbluff, 2008 WL 5100210, 1 (D. Neb. 2008); Harders v. Grand Island Public Schools, 2006 WL 2528524, 2 (D. Neb. 2006); Westcott v. City of

Omaha, 1988 WL 383125, *2 (D.Neb. 1988); Buss v. Douglas, 59 F.R.D. 334, 335 (D. Neb. 1973).

IT IS ORDERED that plaintiff's motion to strike the defendant's jury demand, (filing no. 19), is granted.

DATED this 25th day of June, 2009.

                                      BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge